COSGROVE, Respondent, v. EVENSON, Appellant.

(165 N. W. 541.)

(File No. 4179.   Opinion filed December 13, 1917.)

1.   **Actions—Causes of Action—Account—Counterclaims, Credit For, Settlement of Account, Effect.**

Where, in a suit for money judgment on several causes of action, defendant not having denied the allegations in the fourth cause of action, and having plead counterclaims, and having testified, that, aside from his counterclaims, there was $127 due him from plaintiff, that against this item plaintiff was entitled to a credit for amount of his fourth cause of action, that in a full settlement had between the parties, it was agreed that amount of said fourth cause of action and another item should be credited on the $127, and that on full settlement $87 was due defendant, said settlement being plead as a full defense, together with the $87 as a counterclaim;

plaintiff conceding the $127 item, and testifying to an agreement to credit amount of his fourth cause of action thereon, but denying full settlement, **held**, that if there was no settlement pleadable as defense, plaintiff could recover on his fourth cause of action as well as upon such other causes as were established; that defendant was entitled to counterclaim for the full $127 instead of the $87.

**2.    Same—Causes of Action—Counterclaims—Settlement of Account, Instruction That None Proven, and Ignoring Counterclaim— Error.**

In a suit in which plaintiff plead among several others his fourth cause of action, which latter was not denied by defendant, who plead among several counterclaims one for $87, and testified to a settlement between the parties in which the amount of said fourth cause of action should be credited on an item of $127 due defendant, and that on full settlement $87 was found due defendant, which amount was plead also as full defense; **held**, that an instruction that no settlement was proven, that jury could find for plaintiff on all his causes of action if sustained by evidence, and that, no settlement having been effected, defendant's counterclaim for $87 as balance due should be disregarded by them, was erroneous; since, having instructed that there was no settlement, instruction should have been that there was no dispute but that plaintiff was entitled to recover on his fourth cause of action, and defendant, not on his $87 counterclaim, but on his $127 counterclaim, which plaintiff had conceded in his testimony.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Jay Cosgrove, against Gust Evenson, for a money judgment; defendant counterclaiming. From a judgment for plaintiff, and from an order refusing a new trial, defendant appeals. Reversed.

*Bartine & Bartine,* for Appellant.
*Albert Williamson,* for Respondent.

WHITING, J.    Plaintiff sought a money judgment on six causes of action. Defendant denied either in part or in its entirety each of such causes of action except the fourth, and pleaded several counterclaims. Verdict and judgment were for plaintiff, and from such judgment and an order refusing a new trial this appeal was taken.

[1] Defendant testified that, outside of the other causes of action pleaded by him as counterclaims, there was, subsequent to

the dates of plaintiff's alleged causes of action, an item of $127 due him from plaintiff; that against this item plaintiff was entitled to a credit for and in the amount of his fourth cause of action; that a full settlement had been agreed upon whereby it was agreed that the amount of plaintiff's said fourth cause of action with another small item should be credited on this $127; and that, as a full settlement of all claims then existing between the parties, it was then and there agreed that there was left owing defendant $87. Defendant pleaded this settlement as a full defense, and also pleaded the $87 as one of his counterclaims. Plaintiff, testifying, conceded the $127 item, and that there was an agreement to credit what he has pleaded as his fourth cause of action thereon; but he denied that there was a settlement in full of all matters between them when defendant agreed to make this credit on said $127. It will thus be seen that, if there was no settlement that could be pleaded as a defense, then plaintiff was entitled to recover on his fourth cause of action as well as upon such other causes as he may have established, and defendant was enitled to counterclaim the full $127, instead of the $87.

[2] The court instructed the jury that no settlement was proven; that it could find in favor of plaintiff on all six of his causes of action, if it found all sustained by the evidence; and that—

"no settlement having been effected, * * * the *. * * counterclaim of defendant for $87, claimed as a balance due, falls with it, and this item should not be taken into consideration by you in making up your verdict."

That the quoted instruction was erroneous is too plain to admit of discussion. Having instructed that there was no settlement, the court should have directed the jury that there was no dispute but that plaintiff was entitled to recover on his fourth cause of action, and defendant was entitled to recover on his first counterclaim, not the $87 pleaded, but the conceded $127.

We deem it unnnecessary to consider the other errors assigned.

The judgment and order appealed from are reversed.